IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KELLY ANN GROSBIER,

                Plaintiff,           OPINION AND ORDER

v.

                                          20-cv-595-wmc

KILOLO KIJAKAZI, Acting Commissioner of
Social Security,[1]

                Defendant.

Under 42 U.S.C. § 405(g), plaintiff Kelly Ann Grosbier seeks judicial review of a final determination that she was not disabled within the meaning of the Social Security Act. Grosbier contends that remand is warranted because the administrative law judge ("ALJ"): (1) did not properly construct his questions to the vocational expert; and (2) improperly found that Grosbier's reports of panic attacks were not credible. For the reasons that follow, the court agrees with the second argument and will order a remand for further proceedings consistent with this opinion.

BACKGROUND

Plaintiff Kelly Ann Grosbier has at least a high school education and is able to communicate in English. (AR 26.) She was 50 at the time the ALJ rendered his decision and previously worked as a preschool teacher. (Id.) Grosbier applied for social security on the basis of agoraphobia, panic attacks and generalized anxiety disorder.

---

[1] Consistent with defense counsel's recent practice of adopting a new caption to reflect Kilolo Kijakazi's appointment as the Acting Commissioner of the Social Security Administration on July 9, 2021, the court has adjusted the caption in this case.

ALJ Bill Laskaris held a video hearing on September 16, 2019, where the plaintiff was represented by a non-attorney representative. (AR 15.) On October 15, 2019, the ALJ issued his written opinion finding that Grosbier was not disabled. (AR 28.) Specifically, as of the hearing date, the ALJ found Grosbier to have the following severe impairments: agoraphobia with panic attacks; generalized anxiety disorder; depression; and carpal tunnel syndrome. (AR 17.)

However, the ALJ found that none of her impairments nor any combination met or exceeded the severity listed in 20 CFR Part 404, Subpart P, Appendix 1. (Id.) The ALJ address in particular his Paragraph B analysis under listings 12.04 and 12.06 to determine Grosbier's level of cognitive impairment for later use in determining the RFC. (AR 18.) The ALJ further found the Paragraph B criteria were not satisfied as there were not two areas of "marked" limitations or one area of "extreme" limitation. (Id.) Instead, the ALJ found that Grosbier had moderate limitations in all Paragraph B areas. (Id.)

Finally, based on guidance from a vocational expert ("VE"), the ALJ made the following Residual Functional Capacity ("RFC") determination:

> She is limited to no more than frequent bilateral handling of objects, that is frequent bilateral gross manipulation. Additionally, the claimant must avoid concentrated exposure to loud noise. The claimant's work is limited to simple, routine, repetitive tasks performed in a work environment free of fast-paced production requirements, and involving only simple, work-related decisions and with few, if any, workplace changes. Further, the claimant can have no interaction with the public and only brief and superficial interaction with co-workers and supervisors.

In arriving at this RFC, the ALJ found that Grosbier's anxiety and depression was less severe than alleged, given her regular attendance at church and movie theaters, continuous

2

exams showing normal mental status, and statements in medical records suggesting her panic attacks were happening less frequently. (AR 24-25.)

## OPINION

A federal court's standard of review with respect to a final decision by the Commissioner of Social Security is well-settled. Findings of fact are "conclusive," so long as they are supported by "substantial evidence." 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When reviewing the Commissioner's findings under § 405(g), the court cannot reconsider facts, re-weigh the evidence, decide questions of credibility, or otherwise substitute its own judgment for that of the ALJ. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). Where conflicting evidence allows reasonable minds to reach different conclusions about a claimant's disability, the responsibility for the decision falls on the Commissioner. *Edwards v. Sullivan*, 985 F.2d 334, 336 (7th Cir. 1993). At the same time, the court must conduct a "critical review of the evidence," *id.*, and ensure the ALJ has provided "a logical bridge" between findings of fact and conclusions of law. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018).

As previously noted, the plaintiff raises two, basic challenges to the ALJ's decision: (1) he erred in formulating essential questions posed to the vocational expert; and (2) he improperly discredited Grosbier's testimony regarding panic attacks. The court will address each challenge separately below.

I. **Vocational Expert Testimony**

First, plaintiff argues that the ALJ asking the VE to opine on available jobs for someone with limits to "occasional interaction with coworkers" was reversible error, since the RFC actually limits Grosbier to "brief and superficial interaction with coworkers." As an initial matter, "occasional interactions" are different than brief and superficial interactions, as "'[o]ccasional contact' goes to the quantity of time spent with the individuals, whereas 'superficial contact goes to the quality of the interactions." *Wartak v. Colvin*, 2:14-CV-401-PRC, 2016 WL 880945 at *7 (N.D. Ind., March 8, 2016). However, more important than this difference is the fact that the ALJ formulated his next question in accordance with his formulation in the RFC, asking about a worker with limitations to brief and superficial contact. (AR 51.)

The VE then testified that a worker with Grosbier's actual RFC would still be able to perform a significant number of jobs in the national economy. (AR 51.) Given that the ALJ *did in fact* ask the VE the very question plaintiff contends he should have asked, her first argument fails.

II. **Panic Attacks**

Second, plaintiff argues that the ALJ did not sufficiently account for her reports of panic attacks. While plaintiff's brief focuses on the specific opinion of Dr. Roe, the bigger problem is the ALJ's fundamental misreading of evidence. In particular, the ALJ states,

> With respect to allegations of panic, the panic attacks do not appear to be frequent. Notes from May 18, show the claimant reporting that she has panic episodes every month and a half. However, later notes, dated October 17, 2018, show

4

>> improvement, with the claimant reporting that she has not had
>> any panic attacks since last year.

(AR 24.)

If true, the ALJ would be making a point: if the October 17, 2018, report did in fact say that Grosbier had no panic attacks since the previous year, then the ALJ would have articulated a good reason to question her credibility as to the nature and number of reported panic attacks. However, the medical records entered by Dr. Parsaik *actually* state that "[s]he denies any major panic attacks since *last visit*." (AR 595) (emphasis added). Moreover, even a cursory look at the record shows that plaintiff had previously seen Dr. Parsaik less than a month before, meaning that her lack of panic attacks in that period could not be reasonably construed as a major improvement in symptoms, much less a basis to discount the claimant's credibility. (AR 559.)

To add to the error, at most of Grosbier's visits in the preceding six months, she reported having actual panic attacks. (AR 508) (reporting two panic attacks on 9/20/2018); (AR 536) (reporting a panic attack on 8/23/2018); (AR 430) (reporting 3-4 panic attacks per month on July 15, 2018). Whether or not these reports were merely subjective accounts or accounts actually credited by the doctors whose medical notes appear in the record, the ALJ had a duty to take them into account. By not only ignoring evidence of Grosbier's ongoing panic attacks, but entirely misreading a medical report and using that error to justify a finding of improvement, the ALJ's finding were clearly unsupported by substantial evidence and fail to build "a logical bridge" to discounting Grosbier's credibility. 42 U.S.C. § 405(g). This alone is more than sufficient to warrant a remand.

ORDER

IT IS ORDERED that:

1) The decision of defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, finding that plaintiff Kelly Ann Grosbier is not eligible for social security disability benefits is REMANDED.

2) The clerk of court is directed to enter judgment for plaintiff.

Entered this 28th day of April, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge